WILLIAM E. EVANS, Appellant, v. THOMAS BOYLE, Sheriff, *et al.*

FRAUDULENT CONVEYANCE: EVIDENCE SUFFICIENT TO ESTABLISH: DECLARATION OF GRANTOR INADMISSIBLE AFTER SALE.

*Appeal from Iowa District Court.*—HON. M. J. WADE, Judge.

MONDAY, OCTOBER 14, 1895.

Action to recover certain personal property which was in the possession of the defendant Thomas Boyle, as sheriff, under writs

of attachment against W. H. Evans. The plaintiff claims that he was the owner of the property at the time it was seized upon the attachments. There was a trial by jury, and a verdict and judgment for the defendants. Plaintiff appeals.—*Affirmed*.

*D. H. Wilson* and *Slater & Hunt* for appellant.

*T. S. Kitchen* and *R. W. Pugh* for appellees.

Rothrock, J.—I. The property in controversy consisted of part of a stock of agricultural implements and wagons and buggies, which property on the thirtieth day of August, 1893, was owned by and in the possession of W. H. Evans. The plaintiff claims that on that day he bought the property from said W. H. Evans, and paid him in full therefor by delivering to him a check upon a bank, which check was afterwards paid by the bank to W. H. Evans. The defendants answered the petition by the claim that the alleged sale, if any was made, was fraudulent as to the creditors of W. H. Evans. It is unnecessary to set out the answer. It contained the usual averments of fraud in the transaction. The real question in the case is whether the plaintiff was an innocent purchaser for value. It is urged with great earnestness that the verdict was without support in the evidence. We cannot concur with the plaintiff on this proposition, and we will not review the testimony of the witnesses. There is no question that W. H. Evans was insolvent, and that he attempted to dispose of this property to put it out of the reach of his creditors; and the circumstances attending the transfer leave little doubt that the plaintiff, who was not a creditor, attempted to take a transfer of the goods to aid the debtor to put the same out of the reach of the creditors. Indeed, if the testimony of some two or three witnesses is to be believed, the plaintiff, at and about the time that the attachments were levied, distinctly stated that he had no interest in the property, and he made no claim of ownership to the sheriff for about two weeks after the levy. This evidence, with many other facts and circumstances established in the case, not only abundantly supports the verdict, but shows quite clearly that no other result ought to have been expected.

II. The court instructed the jury upon the question of whether there was a delivery of the goods to the plaintiff. It was a proper case, under the evidence, for such an instruction, and we discover no error in this respect.

III. It appears that, immediately after making the alleged sale, W. H. Evans went to Chicago. He returned in a few days, and the sheriff was then in possession of the property. The sheriff testified as a witness as follows: "When W. H. Evans came back from Chicago, he told me he had no property, and that he intended to fight his creditors for all there was in it. The conversation was he

was talking about these attachments. He said that the stuff belonged to the old man; that he had nothing they could get hold of, or anybody else; and that he would stay right with them, and fight them with their own money." It is claimed that the evidence was improperly allowed to go to the jury, because it was after the alleged sale to the plaintiff was completed. If the statements of W. H. Evans impeached the alleged sale, it may be they would be incompetent as against the plaintiff. But that question we need not determine. His statement was an affirmation that the plaintiff was the owner of the property. His declaration of his intention to defeat and defraud his creditors was no prejudice to the plaintiff, because that fact was without dispute in the case. The plaintiff and W. H. Evans both testified that the consideration for the sale was a bank check for one thousand three hundred and forty-nine dollars, due in sixty days, and the check was paid by the bank to W. H. Evans on the twelfth day of October, 1893, some six weeks after the alleged sale. It is therefore apparent, without the testimony of the sheriff, that W. H. Evans "was fighting his creditors with their own money."

IV. The key to the building where the property was kept was in the possession of the wife of W. H. Evans, at his home, when the sheriff went to make the levy. He went to the house, and procured the key, and Mrs. Evans stated to him that "she expected that." It is urged that this was hearsay, and not binding on the plaintiff. It is true that the independent declarations or admissions of the wife of a party to the alleged sale were not competent evidence, but the words we have quoted are all that was said by her in that connection, and they appear not to relate to a fact, but to a mere apprehension she had as to trouble arising from the sale, several days after the husband left home; and we think the expression was of so little significance that it was no prejudice to the plaintiff, in view of the other conceded facts in the case. The judgment of the district court is *affirmed.*